# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARDS LIFESCIENCES CARDIAQ, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH PERRY, an individual, ECHOBIO, LLC, a Washington limited liability company,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Edwards Lifesciences CardiAQ, LLC ("CardiAQ"), for its Complaint against Defendants Kenneth Perry ("Perry") and EchoBio, LLC (collectively, "Defendants"), alleges as follows:

## I.     NATURE OF THE CASE, JURISDICTION AND VENUE

1.     CardiAQ is the owner by assignment of a number of United States Patents, on which the named inventors are Dr. Arshad Quadri and J. Brent Ratz. Defendant Perry has asserted that he should be named as a co-inventor on the patents, and his company, EchoBio, LLC, has asserted ownership over the patents as specified below. This Complaint asserts a claim for a declaratory judgment that Defendant Perry is not entitled to be named as an inventor on the CardiAQ patents and that EchoBio and Perry are not owners of the patents.

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

3.     This Court has personal jurisdiction over Defendants by virtue of their actions in and directed to Massachusetts that were, on information and belief, the basis for their claims to be a co-inventor/owners of the CardiAQ patents.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Defendants' claims as to inventorship and ownership of the CardiAQ patents occurred in this Judicial District.

## II.     PARTIES

5.      CardiAQ is a limited liability company organized and existing under the laws of the State of Delaware.  Since February 2010, CardiAQ has maintained its principal place of business in Irvine, Orange County, California.  Before that date, beginning in 2007, CardiAQ maintained its principal place of business in Winchester, Middlesex County, Massachusetts.

6.      Perry is an individual currently residing in Bainbridge Island, Washington.

7.      EchoBio is a Washington limited liability company with its principal place of business in Bainbridge Island, Washington.

## III.    FACTUAL ALLEGATIONS

8.      Beginning in 2005, cardiac surgeon Dr. Arshad Quadri did extensive work towards developing aortic valve replacement devices, including a Transcatheter Aortic Valve Implantation ("TAVI") system and a Rapid Fixation, surgical replacement sutureless aortic device.  In 2007, Dr. Quadri and medical device engineer J. Brent Ratz formed CardiAQ's predecessor CardiAQ Valve Technologies, Inc. ("CVT") to continue Dr. Quadri's early work.  CVT was formed and headquartered in Winchester, Massachusetts.  In 2007 and 2008, Dr. Quadri and Mr. Ratz designed and developed several versions of an aortic valve replacement device.

9.      Building upon their research and experience gained from the development of the aortic technology, in August 2008, Dr. Quadri and Mr. Ratz began work, in Massachusetts, on a Transcatheter Mitral Valve Implantation ("TMVI") system.  Their goal was to design, develop and commercialize an effective, catheter-based valve replacement system that restores long-term function to patients with failing mitral valves, as an alternative to open-chest surgery.

10.     By April 2009, CVT began to file patent applications to protect the intellectual property that Dr. Quadri and Mr. Ratz had developed and were developing on behalf of CVT concerning certain aspects of the TMVI technology. Dr. Quadri and Mr. Ratz are the named inventors on the following issued United States Patents covering a number of their inventions relating to TMVI technology: No. 8,795,356; No. 8,894,702; No. 8,911,455; No. 9,339,377; No. 9,339,379; No. 9,333,073; and No. 8,414,644 (the "CardiAQ Patents").

11.     In 2015, Edwards Lifesciences Corporation agreed to acquire CVT in order to continue the development and commercialization of CVT's TMVI technology. In connection with the acquisition, Edwards formed CardiAQ, which is now the owner by assignment of the CardiAQ Patents. CVT and CardiAQ are hereinafter collectively referred to as "CardiAQ."

12.     Perry is a medical device engineer specializing in finite element analysis, materials testing, and the production of prototypes. In the fall of 2007, CardiAQ retained Dr. Perry, through his company Echobio LLC, as a consultant to do testing on CardiAQ's aortic design and to produce prototypes of the design. Dr. Perry and EchoBio performed similar services on an as-needed basis with respect to CardiAQ's TMVI designs in late 2008 and 2009.

13.     At the time Defendants performed these services for CardiAQ, they knew that CardiAQ was located in Massachusetts. Defendants received substantially all their directions for work to be performed for CardiAQ from Mr. Ratz in Massachusetts. Defendants sent dozens of emails to Mr. Ratz in Massachusetts, and had numerous telephone conversations with Mr. Ratz while Mr. Ratz was in Massachusetts. Defendants delivered most of their work product electronically to Mr. Ratz by email in Massachusetts, and also delivered physical prototypes to Mr. Ratz in Massachusetts. In September 2009, Defendants and CardiAQ entered into a Mutual Non-Disclosure Agreement, which stated that it "shall be governed by the laws of the Commonwealth of Massachusetts" and which, on information and belief, Defendants faxed to Massachusetts.

14.     Like other early CardiAQ consultants, Dr. Perry was presented the opportunity to acquire equity ownership in CardiAQ in exchange for his services. Dr. Perry did not pursue that

opportunity, however, and instead opted to be paid entirely in cash.  Dr. Perry was paid in full for his services.

15.     On information and belief, Dr. Perry was aware that CardiAQ was seeking patent protection on Dr. Quadri's and Mr. Ratz' designs at least as early as 2009.  CardiAQ did not at any time incorporate any of Dr. Perry's concepts in the CardiAQ Patents.

16.     CardiAQ's U.S. Patent Application No. 12/761,349, which discloses many if not all of the concepts in dispute herein, was published on November 25, 2010, as Publication No. US 2010/0298931 A1, naming only Dr. Quadri and Mr. Ratz as inventors.  U.S. Patent No. 8,414,644 was issued from this application on April 9, 2013.

17.     Despite knowledge of CardiAQ's efforts to obtain patent protection, Dr. Perry never claimed that he should be named as a co-inventor on the CardiAQ Patents until 2015, after he learned that CardiAQ had been acquired by Edwards Lifesciences for $400 million.  By that time, CardiAQ had spent years of hard work and investment capital developing its designs.

18.     In contrast to his silence with respect to the applications leading to the CardiAQ Patents, Dr. Perry filed provisional patent applications in 2008 and 2009 on his own purported inventions, which are not directed to the concepts in the CardiAQ Patents that Dr. Perry now claims to have contributed.  No patents were issued from Dr. Perry's applications.

19.     Also in 2009, Dr. Perry solicited CardiAQ's interest in his own "wire form" concepts for a heart valve frame (which were also not directed to the concepts in the CardiAQ Patents that Dr. Perry now claims to have contributed).  CardiAQ specifically declined to use Dr. Perry's concepts, confirming in a written communication from Mr. Ratz to Dr. Perry that the parties "discussed the possibility of incorporating aspects of [Dr. Perry's "wire form"] technology into our [CardiAQ's] design, and in the end, we felt it would be most prudent to continue down the path we have been on rather than introduce a new approach at this point in the process."  Thus, CardiAQ declined to use any concepts that Dr. Perry claimed to have invented as of the time he performed his consulting services for CardiAQ in 2007 to 2009, and his claims to be an inventor of CardiAQ's patented concepts only arose six years later.

20. Starting in 2015 and continuing to the present, Dr. Perry has asserted, both orally and in writing, that he is a co-inventor as to certain claims of the CardiAQ Patents. Despite extensive discussions and the exchange of information, Dr. Perry has failed to provide corroboration for his claims of inventorship that actually discloses the features he claims to have invented.

21. CardiAQ denies Perry's assertions, and maintains that Dr. Quadri and Mr. Ratz are the true and correct inventors on the CardiAQ Patents.

22. On information and belief, starting in 2015 and continuing to the present, Defendants have asserted that they have ownership interest in certain of the CardiAQ Patents as a result of Dr. Perry's alleged co-inventorship.

23. CardiAQ denies Defendants' assertions, and maintains that CardiAQ is the true and correct owner of the CardiAQ Patents.

## IV. FIRST CLAIM FOR RELIEF

### For a Declaratory Judgment - Inventorship

24. CardiAQ realleges and incorporates herein by reference each and every allegation set forth herein above in Paragraphs 1 through 23, inclusive.

25. An actual, justiciable controversy exists between CardiAQ and Perry regarding Perry's assertion that he should be named as an inventor on the CardiAQ Patents. CardiAQ disputes Perry's assertions, and maintains that Dr. Quadri and Mr. Ratz are the only true and correct inventors on each of the CardiAQ Patents.

26. CardiAQ is entitled to a judicial declaration that Dr. Perry is not a co-inventor on any of the CardiAQ Patents and should not be named as such.

## V. SECOND CLAIM FOR RELIEF

### For a Declaratory Judgment - Ownership

27. CardiAQ realleges and incorporates herein by reference each and every allegation set forth herein above in Paragraphs 1 through 26, inclusive.

28.　　An actual, justiciable controversy exists between CardiAQ and Defendants regarding Defendants' assertion that they are owners of the CardiAQ Patents. CardiAQ disputes Defendants' assertions, and maintains that CardiAQ is the sole owner of the CardiAQ Patents.

29.　　CardiAQ is entitled to a judicial declaration that Defendants have no ownership interest in any of the CardiAQ Patents and that CardiAQ is the sole owner of the CardiAQ Patents.

## VI.　　DEMAND FOR JUDGMENT

WHEREFORE, CardiAQ hereby respectfully demands that Judgment be entered in its favor, and against Defendant as follows:

A. That the Court enter judgment in favor of CardiAQ and against Defendant on the claim for relief alleged herein;

B. That the Court adjudge and declare that Perry is not a co-inventor on any of the CardiAQ Patents and should not be named as such;

C. That the Court adjudge and declare that Defendants have no ownership interest in any of the CardiAQ Patents;

D. That CardiAQ be awarded reasonable costs, expenses, and attorneys' fees; and

E. That CardiAQ be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

CardiAQ hereby demands a trial by jury on any claims for relief so triable in this case.

Respectfully Submitted,

EDWARD LIFESCIENCES CARDIAQ, LLC

By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq.
BBO No. 542040
Holland & Knight, LLP
10 Saint James Avenue, 11th Floor
Boston, MA 02116
Phone 617.854.1443 | Fax 617.523.6850
robert.kaler@hklaw.com


STRADLING YOCCA CARLSON & RAUTH, P.C.
Steven M. Hanle. (*pro hac vice motion to be submitted*)
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel: (949) 725-4126  Fax: (949) 823-5126
SHanle@sycr.com

Dated:  November 4, 2016